**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION**

FILED

01 AUG -8 PM 3: 40

U.S. DISTRICT COURT
N.D. OF ALABAMA

PATSY WITHEM,

      Plaintiff,

v.

ALCUS RAY HUDSON, JR.,
an individual; JACKSON HEWITT,
INC., a Virginia corporation;
CENDANT, INC., a Delaware
corporation

      Defendants.

Civil Action No. CV-00-J-2182-J

ENTERED

AUG  8 2001

## MEMORANDUM OPINION

This cause comes before this court on Jackson Hewitt, Inc.'s (JHI) motion for

summary judgment (doc. 61). The only remaining claim in this action is JHI's cross

claim against defendant Alcus Ray Hudson, Jr. (Hudson). The only issue in this

litigation is whether the franchise agreement entered into between JHI and Hudson is

enforceable. Hudson argues the agreement is unenforceable because of unconsionability.

The court having reviewed the pleadings, briefs, and evidentiary submissions finds that

the agreement entered into between JHI and Hudson is enforceable and that JHI is

entitled to summary judgment.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact that the

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986).   As the Supreme Court has explained the summary judgment

standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence of an
> element essential to that party's case, and on which that party will bear the
> burden of proof at trial.  In such a situation, there can be no genuine issue
> as to any material fact, since the complete failure of proof concerning an
> essential element of the non-moving party's case necessarily renders all
> other facts immaterial.

*Celotex Corp.,*  477 U.S. at 322-23.  The party moving for summary judgment always

bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of  the pleadings or filings which it believes demonstrates the

absence of genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the non-

moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions,

answers to interrogatories, and admissions on file' designate 'specific facts showing that

there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro. 56(e).  In

meeting this burden the non-moving party "must do more than simply show that there is

a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a

"genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also

Anderson*, 477 U.S. at 249.  The non-movant must "demonstrate that there is indeed a

material issue of fact precluding summary judgment." *Clark v.  Coats & Clark, Inc.*, 929

F.2d 604, 608 (11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

### Analysis

On September 17, 1998, Hudson applied to become a JHI franchise owner. (Hapward Aff.; Ex. A). He was given a copy of JHI's franchise agreement. (Hapward

Aff. ¶5). Hudson had the agreement eight days before he entered into the agreement with JHI. Hudson also signed a security agreement, a software license agreement, and a promissory note for the initial franchise fees. (Hapward Aff. ¶6).

Hudson agreed to pay an initial franchise fee of $100,000 plus royalties in the amount of twelve percent of his gross volume of business and advertising and marketing fees in the amount of six percent of his gross volume of business. (Hapward Aff. ¶8; Ex. E at ¶¶4.1-6.1). Hudson paid $12,000 of the initial franchise fee, and signed promissory notes for the remaining $88,000.00. (Hapward Aff.¶8; Ex. E at ¶8.4). Under the agreement, overdue account balances would accrue a late fee of eighteen percent annually. (Hapward Aff.; Ex. F).

Hudson failed to open the agreed franchises on schedule, he failed to make franchise fee payments, and he failed to pay royalty, advertising, and marketing fees. (Hapward Aff. ¶¶11, 13). JHI eventually terminated Hudson's franchise rights. (Hapward Aff. ¶13; Ex. I). Hudson then failed to meet his agreed upon post-termination obligations. (Hapward Aff. ¶15; Ex. E at ¶20.3). JHI contends that Hudson owes $88,000.00 of the initial franchise fee, $14,810.29 for royalties, plus $23,940.87 of interest.[1] JHI asks this court to grant its motion for summary judgment and enter a judgment against Hudson for $126,751.16 plus interest.

Hudson argues that the franchise agreement is unconscionable because it contains "grossly unfavorable terms". (Hudson Memorandum Brief p.4). The Alabama

---

[1]Hudson apparently does not dispute this calculation as he relies solely on the argument that the contract is unconscionable.

Supreme Court recently addressed the test for unconscionable contract provisions while reviewing a questioned arbitration agreement . *American General Finance, Inc. v. Branch,* 2000 WL 1868516 (Ala.).  According to *American General,* a court may find a provision unconscionable if there are "(1) terms that are grossly favorable to a party that has (2) overwhelming bargaining power." 2000 WL 1868516 *10.  "Recission of a contract for unconscionability is an extraordinary remedy usually reserved for the protection of the unsophisticated and uneducated." *Marshall v. Mercury Finance Co.,* 550 So.2d 1026, 1028 (Ala. Civ. App. 1989) *quoting E&W Building Material Co. V. American Savings & Loan Ass'n*, 648 F.Supp. 289, 291 (M.D. Ala. 1986). "Unconsionability is an affirmative defense . . . and the party asserting the defense bears the burden of proof." *Green Tree Fin. Corp. of Ala. v. Vintson,* 753 So.2d 497 (Ala. 1999).

In the franchise application, Hudson, indicated he had completed three years of college and that he had previously operated a small business.  (Hapward Aff.; Ex. A). Hudson has not shown how JHI had overwhelming bargaining power and the court is not satisfied that these terms are so oppressive, one-sided, or patently unfair that they are unconscionable. *See Layne v. Garner,* 612 So.2d 404, 408 (Ala. 1992).  Therefore JHI's motion for summary judgment (doc. 61) is due to be **GRANTED**.  Judgment shall entered for JHI for the amount of $126,751.16 plus interest.

**DONE** and **ORDERED** this the ___ 8 day of August, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE